## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMIKA HUGHEY )<br>1122 Owen Place, N.E. )<br>Washington, D.C. 20002 )<br>    )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY )<br>600 Fifth Street, N.W. )<br>Washington, D.C. 20001 )<br>    )<br>    Defendant. ) | Civil Action No. |

## COMPLAINT FOR DISCRIMINATION

COMES NOW Plaintiff Tomika Hughey, by and through undersigned counsel, and states as follows:

1. Plaintiff brings this action pursuant to Title VII for discrimination on the basis of race in employment.

## JURISDICTION AND VENUE

2. Jurisdiction of this court is founded pursuant to 28 U.S.C. §§ 1331, 1337, 1343, 1346 and 1446.

3. Venue lies in this Court, pursuant to 28 U.S.C. §§ 1391 and 1402, as the employment practices alleged to be unlawful were committed by defendant and its agents within the District of Columbia.

**PARTIES**

4.      Plaintiff, Tomika Hughey ("Hughey"), is an adult African-American female, a citizen of the United States and a bona fide resident of the District of Columbia. At all times further relevant herein, Ms. Hughey was an employee of the Washington Metropolitan Area Transit Authority ("WMATA").

5.      WMATA is a duly-authorized and organized independent agency and instrumentality of the District of Columbia, State of Maryland, and Commonwealth of Virginia. With its headquarters located in Washington, D.C, WMATA was created by the aforementioned states and the District of Columbia to plan, finance, construct and operate a comprehensive mass transit system for the Washington Metropolitan Area. WMATA is subject to the prohibitions against discrimination pursuant to Title VII of the United States Code.

**FACTS COMMON TO EACH CAUSE OF ACTION**

6.      Since November 3, 2003, Ms. Hughey had been employed with WMATA in Washington, D.C. as an Assistant Planning Project Manager. Prior to arriving at WMATA, Ms. Hughey had received a Bachelor's degree in Finance from Howard University, a Master's of Science degree in Urban/Transportation Planning from Florida State University, and was pursuing a second Master's of Science degree in Historic Preservation from the George Washington University with an emphasis in the preservation of transportation systems and resources. At WMATA, Ms. Hughey was assigned to work in the Office of Business Planning & Project Development. Her duties in that office included, but were not limited to the following: managing the community outreach and environmental processes for the Anacostia Corridor Demonstration Project and the multi-million dollar District of Columbia-funded District of Columbia Transit Alternatives Analysis (DCAA) a

study of recommended, long-range, high-capacity, multi-modal transit for the District of Columbia; acting as a liaison and representative for WMATA on all District of Columbia economic development, planning and transportation projects to ensure consistency with Metrorail and Metrobus service; attending District-wide community meetings and Advisory Neighborhood Commission meetings; analysis of future land development trends in the District of Columbia and their impact on existing and future Metrorail and Metrobus service; and staffing the Metropolitan Washington Council of Governments (MWCOG) and the Washington Metropolitan Area Planning Organization (MPO) to ensure WMATA's engagement with the regional jurisdictions.

7.     In September 2005, Ms. Hughey applied for a promotion to fill a vacancy for Strategic Advocacy Specialist and two vacancies for Strategic Policy and Communications Specialist in WMATA's Office of Intergovernmental Relations. The minimum qualifications for each position were a Master's Degree in planning and eight years of experience in public administration and government relations. The Strategic Advocacy Specialist involved "developing and recommending strategic positions for the authority and communicating those on behalf of the Authority; communicating/business/stakeholder outreach and coalition building; directing and performing research and analysis to support the Authority's communications both internally and externally; assist in the developing of policy." The Strategic Policy and Communications Specialist position involved "analyzing, developing and recommending policy and strategic positions for the Authority and communicating those on behalf of the Authority; research and analysis to support the Authority's communications both internal and externally." Ms. Hughey not only possessed the minimum qualifications for each of these positions, but had extensive experience in urban planning with a specific expertise in building neighborhood planning capacity and public involvement and

participation in urban transportation and economic development projects in small (up to 250,000 population) and large (over 500,000+ population) urban areas. Her experience included engaging communities in Los Angeles, California for the proposed extension of the Red Line Metrorail for the Los Angeles County Metropolitan Transit Authority (LACMTA) and aided underserved Los Angeles communities in identifying methods to enhance their access to transit and transit information; conducting community outreach to support long range planning efforts of Tallahassee-Leon County, Florida; the analysis of the capital and operating budgets of Federally-funded transit properties in the United States as a former Transit Analyst for over 80 public transit agencies in support of the Federal Transit Administration's (FTA) National Transit Database (NTD); directing all activities (outreach strategy, campaign events, primary and general election staffing) as the Ward 6 Coordinator for the Re-Election Campaign of Mayor Anthony Williams; and managing the volunteer-led and publicly funded revitalization efforts of the H Street, NE commercial corridor as the first Executive Director of the H Street Main Street Program.

8. On November 1, 2005, Ms. Hughey was interviewed by a panel of three staff members consisting of an Indian male, a white male and a white female. The panel advised Ms. Hughey that her skills best matched the Strategic Advocacy Specialist position and that she would be considered further for this position. During a second interview on November 5, 2005, with the Director of the Office of Governmental Affairs, a white female, and the Assistant General Manager for Communications, a white male, the white female asked Ms. Hughey, "Help me understand how I would send you to Virginia where 'good old boys are.' How would you represent the Authority"?

9. On December 7, 2005, WMATA announced the hiring of two candidates for the Strategic Policy and Communications positions. Both successful candidates were white with fewer

qualifications than Ms. Hughey and were hired from outside WMATA. On February 21, 2006, Ms. Hughey learned that she was not selected for the above positions or the position of Strategic Advocacy Specialist. For that position, a white male with fewer qualifications than Ms. Hughey was hired from outside WMATA.

10. On February 22, 2006, Ms. Hughey filed a complaint for race discrimination with WMATA's Office of Civil Rights ("CIVR"). Following an internal investigation, the CIVR found "sufficient evidence to support a probable cause finding of discrimination." The CIVR also found that statements made by the white female panelist during Ms. Hughey's second interview "appeared to have racial overtones."

11. On or about June 10, 2006, Ms. Hughey filed a complaint with the Equal Employment Opportunity Commission charging WMATA with unlawful discrimination based upon race. On or about May 28, 2007, a Right to Sue letter was mailed to Ms. Hughey by the United States Department of Justice.

## FIRST CAUSE OF ACTION
### Violation of Title VII – Race Discrimination

12. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "11" as if originally plead herein.

13. Defendant, through its agents or supervisors, unlawfully discriminated and denied equal employment opportunities for promotion and other terms and conditions of employment against Ms. Hughey in her employment because of her race, when it failed to promote or hire her, though she was qualified and less qualified white persons were promoted or hired in her stead, without cause of justification, in violation of Title VII of the Civil Rights Act of 1964, as amended.

14. As a direct and proximate result of the illegal employment discrimination by defendant, Ms. Hughey has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Ms. Hughey has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

15. Defendant has followed a policy and practice of discrimination in employment against Ms. Hughey based upon her race.

16. Ms. Hughey asserts that the outrageous conduct of defendant described above was done with malice and with conscious disregard for her federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) Award her, under Title VII of the Civil Rights Act, all the back and front pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b) Award her, under Title VII of the Civil Rights Act, compensatory damages in an amount to be determined at trial as the result of the unlawful discrimination against her;

(c) Award her reasonable attorney's fees and costs of this action; and

(d) Award her such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
**Violation of Title VII– Disparate Treatment**

17. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "16" as if originally plead herein.

18. Defendant, through its agents or supervisors, unlawfully discriminated and been denied equal employment opportunities for promotion and other terms and conditions of

employment against Ms. Hughey in her employment because of her race, when it failed to promote or hire her, though she was qualified, and less qualified white candidates were promoted or hired in her stead, without cause or justification, in violation of Title VII of the Civil Rights Act of 1964, as amended.

19.     Ms. Hughey was qualified for the positions she held and sought promotions for, and performed her duties at the highest level.  Ms. Hughey was nonetheless unlawfully singled out for adverse treatment in her terms of employment because of her race.

20.     As a direct and proximate result of the illegal employment discrimination by defendant, Ms. Hughey has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress.  Ms. Hughey has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

21.     Defendant has followed a policy and practice of discrimination in employment against Ms. Hughey based upon her race.

22.     Ms. Hughey asserts that the outrageous conduct of defendant described above was done with malice and with conscious disregard for her federally protected rights.  Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)     Award her, under Title VII of the Civil Rights Act, all the back and front pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)     Award her, under Title VII of the Civil Rights Act, compensatory damages in an amount to be determined at trial as the result of the unlawful discrimination against her;

(c) Award her reasonable attorney's fees and costs of this action; and

(d) Award her such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff respectfully requests a jury trial on all issues.

Respectfully submitted,

 /s/ Lisa Alexis Jones
Lisa Alexis Jones, Esq.
Lisa Alexis Jones, PLLC
Unified Bar Number 421002
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 434-4507
(202) 434-8707 (Fax)
orbitcv@erols.com


 /s/ Cynthia Goode Works
Cynthia Goode Works, Esq.
The Law Office of Cynthia Goode Works, LLC
Unified Bar Number 439904
7500 Greenway Center Drive
Suite 330
Greenbelt, MD 20770
(301) 474-5562
(866) 474-8484 Fax
cynthia@goodeworkslaw.com

*Counsel for Plaintiff*

Dated: August 24, 2007

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Tomika Hughey

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __DC__
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Washington Area Transit Authority (WMATA)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lisa Alexis Jones, 1200 G St, NW #800
Wash. DC 20005, (202) 434-4507

## ATTORNEYS (IF KNOWN)
WMATA General Counsel
600 Fifth St NW Wash. DC 20001

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Title VII 42 USC 2000e Failure to Promote

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $** Unspecified   Check YES only if demanded in complaint   **JURY DEMAND:** ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE 8/24/07   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form