UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMIKA HUGHEY<br>1322 Owen Place, N.E.<br>Washington, D.C. 20002<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>600 Fifth St., N.W.<br>Washington, D.C. 20001,<br><br>　　　Defendant | No. 07-cv-01513 (RJL) |

### ANSWER OF DEFENDANT WMATA

Defendant Washington Metropolitan Area Transit Authority, ("WMATA"), by and through counsel, for its Answer, states as follows:

#### FIRST DEFENSE

The Complaint and each and every claim for relief therein, fails to state a claim upon which relief can be granted.

#### SECOND DEFENSE

In answer to each of the numbered paragraphs of the complaint, WMATA states:

1.　Paragraph 1 is a statement of the nature of this case which requires no answer. To the extent an answer is required, WMATA denies said allegations.

2.　WMATA admits that jurisdiction is proper in this Court. Except as expressly admitted, WMATA denies each and every allegation of paragraph 2 of the

1

Complaint.

3. WMATA admits that venue is proper in this Court. Except as expressly admitted, WMATA denies each and every allegation of paragraph 2 of the Complaint.

4. WMATA admits that plaintiff is an adult, African-American female. WMATA further admits that plaintiff was an employee of WMATA. Except as expressly admitted, WMATA denies each and every allegation of paragraph 4 of the Complaint.

5. WMATA admits the allegations of paragraph 5 of the Complaint.

6. WMATA admits that plaintiff was employed by WMATA on November 3, 2003 as an Assistant Planning Project Manager in the Office of Business Planning and Project Development. WMATA lacks sufficient knowledge, information or belief to answer the remaining allegations of paragraph 6 of the Complaint, and on that basis denies said allegations.

7. WMATA admits that in September 2005 plaintiff applied for a promotion to a Strategic Advocacy Specialist and two vacancies for Strategic Policy and Communications Specialist in WMATA's Office of Intergovernmental Relations. The language of those job announcements are the best evidence of their content and speak for themselves. WMATA lacks sufficient knowledge, information or belief to answer the remaining allegations of paragraph 7 of the Complaint and on that basis denies said allegations.

8. WMATA admits that on November 1, 2005, plaintiff was interviewed by a panel of three staff members consisting of an Indian male, a white male and a white female. WMATA further admits that plaintiff had a further interview on November 5, 2005 for the Strategic Advocacy Specialist position with a white female and a white

male.  Except as expressly admitted, WMATA denies the remainder of the allegations of paragraph 8 of the Complaint.

    9.    WMATA admits that on December 7, 2005 it announced the hiring of two candidates for the Strategic Policy and Communications positions.  WMATA admits that both selectees were white.  WMATA further admits that the selectee for the Strategic Advocy Specialist was white.  WMATA denies the remainder of the allegations of paragraph 9 of the Complaint.

    10.    WMATA admits that on February 22, 2006, plaintiff filed an internal complaint of race discrimination with WMATA's Office of Civil Rights.  WMATA further admits that, following an investigation, it issued a finding of probable cause.  The language of that finding is the best evidence of its contents and speaks for itself.  Except as expressly admitted, WMATA denies each and every allegation of paragraph 10 of the Complaint.

    11.    WMATA admits that on May 28, 2007, the Department of Justice issued a Right to Sue letter to plaintiff.  Except as expressly admitted, WMATA denies the remaining allegations of paragraph 11 of the Complaint.

    12.    In answer to paragraph 12 of the Complaint, WMATA incorporates by reference the allegations in paragraphs 1-11 above as if set out in full herein.

    13.    WMATA denies the allegations of paragraph 13 of the Complaint.

    14.    WMATA denies the allegations of paragraph 14 of the Complaint.

    15.    WMATA denies the allegations of paragraph 15 of the Complaint.

    16.    WMATA denies the allegations of paragraph 16 of the Complaint.

    The prayer for relief requires no answer.  To the extent an answer is

required, WMATA denies said allegations.

17. In answer to paragraph 17 of the Complaint, WMATA incorporates by reference the allegations in paragraphs 1-16 above.

18. WMATA denies the allegations of paragraph 18 of the Complaint.

19. WMATA denies the allegations of paragraph 19 of the Complaint.

20. WMATA denies the allegations of paragraph 20 of the Complaint.

21. WMATA denies the allegations of paragraph 21 of the Complaint.

22. WMATA denies the allegations of paragraph 22 of the Complaint.

The prayer for relief requires no answer. To the extent an answer is required, WMATA denies said allegations.

### THIRD DEFENSE

Plaintiff's claims are barred to the extent she has failed to mitigate her damages.

### FOURTH DEFENSE

Plaintiff's claims are barred by the statute of limitations.

### FIFTH DEFENSE

Plaintiff's claims are barred to the extent she has failed to exhaust administrative remedies.

### SIXTH DEFENSE

To the extent that plaintiff suffered any monetary loss, which WMATA denies, her entitlement to relief terminates, as a matter of law, at the time she failed to accept WMATA's offer of make whole relief.

WHEREFORE, WMATA prays that plaintiff take nothing by her complaint and

that it be awarded its costs and attorneys fees incurred in defending this matter.

        Respectfully submitted,

Carol B. O'Keeffe #445277  
General Counsel

Mark F. Sullivan #430876  
Deputy General Counsel

_____/s/_____  
David J. Shaffer #413484  
WMATA  
600 Fifth St., N.W.  
Washington, D.C. 20001  
(202) 962-2820  
Dshaffer@wmata.com  
Attorneys for Defendant WMATA