UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMIKA HUGHEY )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY )<br>)<br>    Defendant ) | No. 07-cv-01513 (RJL) |

## JOINT RULE 16.3 STATEMENT

Counsel for the parties met on October 23, 2007 with respect to the issues under L. Rule 16.3 and state the following:

## STATEMENT OF THE CASE

This is a race discrimination case brought by plaintiff Tomika Hughey against the Washington Metropolitan Area Transit Authority ("WMATA") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981a. The parties agree that jurisdiction and venue is proper in this Court.

The plaintiff, Ms. Hughey, who is African-American, claims that she was denied three promotions on account of her race. The first was for a Strategic Advocacy Specialist and the second and third were for two vacancies for Strategic Policy and Communications Specialist, both for which she was interviewed in November of 2005. White males or females were selected for the positions.

Plaintiff first filed a complaint with WMATA's internal Office of Civil Rights, which

1

found "probable cause" to believe that Ms. Hughey was the subject of unlawful race discrimination.  The parties disagree whether the probable cause ruling was limited to the Strategic Advocacy Specialist position or all of the positions Ms. Hughey applied for. in the fall of 2005.  WMATA offered plaintiff a promotion to an equivalent position, as a remedy, which she refused.  Ms. Hughey disputes that the promotion offered by WMATA was equivalent.  Plaintiff has subsequently resigned her position with WMATA.

WMATA denies that it discriminated against plaintiff and also asserts that plaintiff failed to exhaust her administrative remedies on the Strategic Advocacy Specialist position and was untimely on the Strategic Policy and Communications Positions.  Ms. Hughey contends that she has exhausted all of her administrative remedies and that her charges of discrimination for WMATA's failure to promote her to each of the above positions based on race were timely filed with the Equal Employment Opportunity Commission.

## RULE 16.3 ISSUES

1. Plaintiff does not believe that the case is likely to be resolved on dispositive motions prior to discovery.  WMATA believes that the case can be disposed of on dispositive motions prior to discovery.
2. The parties do not anticipate amending the pleadings.
3. The parties do not consent to a Magistrate for any purpose.
4. Plaintiff believes that there is a reasonable possibility of settlement.  Defendant believes that, if its dispositive motion is denied, there is a reasonable possibility of settlement.

5. If WMATA's dispositive motion is denied, the parties are in favor of ADR prior to discovery.

6. The parties propose the following time periods for summary judgment motion: WMATA to file its motion thirty days after the Initial Scheduling Conference; plaintiff would have 30 days to file her Opposition and WMATA would have 15 days to file its Reply.

7. The parties do not waive Initial Disclosures. Initial Disclosures shall be exchanged 14 days after the Initial Scheduling Conference.

8. The parties agree on the presumptive limit of 10 depositions per side and 25 interrogatories per side. The parties propose a four month discovery period after ADR, if ADR fails..

9. The parties agree that plaintiffs' 26(a)(2) expert disclosures shall be due 60 days after the beginning of discovery and that defendant's disclosures shall be due 30 days thereafter.

10. Not applicable.

11. The parties do not believe bifurcation of proceedings is appropriate.

12. The pretrial conference should take place at a time convenient to the Court, after the close of discovery, with the anticipation that a trial would occur 30 to 60 days thereafter.

13. The parties agree that the Court should set a trial date at the pretrial conference.

14. None.

Respectfully submitted,

Carol B. O'Keeffe #445277
General Counsel

Mark F. Sullivan #430876
Deputy General Counsel

_____/s/
David J. Shaffer #413484
Assistant General Counsel
WMATA
600 Fifth St., N.W.
Washington, D.C. 20001
(202) 962-2820
Dshaffer@wmata.com
Attorneys for Defendant WMATA

_____/s/
Lisa Alexis Jones, Esq.
Lisa Alexis Jones, PLLC
Unified Bar Number 421002
1200 G St., N.W.
Washington, D. C. 20005
(202) 434-4507
(202) 434-8707 (fax)
Orbitcv@erols.com

_____/s/
Cynthia Goode Works, Esq.
The Law Office of Cynthia Goode
Works, CLC
Unified Bar Number 439904
Suite 330
Greenbelt, MD 20770
(301) 474-5562
(301) 474-8484 (fax)
Cynthia@goodeworkslaw.com

Counsel for Plaintiff

4